OPINION
On December 28, 1999, appellant was arrested by the Coshocton County Sheriff's Department for domestic violence in violation of R. C. 2919.21
(B). Appellant was arraigned on this charge on December 30, 1999. At his arraignment, appellant entered a plea of not guilty. The court engaged in following colloquy with appellant concerning his desire for counsel:
THE COURT: Now, are you going to hire a lawyer?
THE DEFENDANT: Yeah
THE COURT: Who are you going to hire?
THE DEFENDANT: Probably just come in myself.
THE COURT: Do you want one; we'll —
THE DEFENDANT: — No.
THE COURT: You don't want one appointed either?
THE DEFENDANT: She does this about once every two weeks.
THE COURT: Huh?
THE DEFENDANT: She does this about once every two weeks.
 THE COURT: We'll indicate you don't want one, but if you do want — if you do get one, we're going to give you a week to come up with that. All right?
THE DEFENDANT: Okay.
THE COURT: That'll be January the 6th.
Arraignment Tr. 2-3.
On January 20, 2000, appellant filed an affidavit of indigency and request for court appointed counsel. The court denied the request as untimely, as it was made after January 6, 2000. Appellant appeared for trial on January 28, 2000, and represented himself. He did not present any evidence on his own behalf, and when asked if he wanted to make a closing argument, appellant responded, "Just that I tried to get an attorney, and I couldn't afford one." Tr. 17. He was convicted as charged, and ordered to pay a fine of $100 plus court costs. He was sentenced to 30 days incarceration, to be completed by serving 60 on house arrest. Appellant assigns a single error on appeal:
 THE TRIAL COURT ERRED IN FAILING TO APPOINT COUNSEL TO REPRESENT DEFENDANT AT TRIAL.
It is well established that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteen Amendments to the United States Constitution, and Section 10 Article I, of the Ohio Constitution. In our adversary system of criminal justice, a person brought into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. Gideon v. Wainwright (1963), 372 U.S. 335. Absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel. Argersinger v. Hamlin (1972), 407 U.S. 25. In order to establish an effective waiver of the right to counsel, a trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. R.C. 2941.50 (A); Crim.R. 44 (A). The United States Supreme Court has explained the duty of a trial judge in determining whether a defendant is validly waiving his right to counsel: "* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.
Von Miltke v. Gillies (1948), 332 U.S. 708, 723. In the instant case, the court did not ascertain whether appellant knowingly and intelligently waived his right to counsel. In fact, it is apparent from the record that appellant did not validly waive his right to counsel. At the time of the arraignment, appellant appeared to believe that his wife would drop the charges, as he repeatedly stated, "She does this about once every two weeks." The only statement he made which could be interpreted as a waiver of counsel was that he would probably come in himself. However, appellant filed a request for court-appointed counsel, accompanied by an affidavit of indigency, on January 20, 2000, eight days before trial. The court denied this motion as untimely, based on a deadline set by the court at arraignment. At trial, appellant represented himself, but again told the court that he wanted an attorney and could not afford one. As the record reflects, appellant requested court-appointed counsel on January 20, 2000, and the court erred in requiring him to proceed pro se, without making inquiry as to whether he desired to waive his right to counsel when he appeared for trial.
The judgment of conviction and sentence of the Coshocton Municipal Court is reversed. This case is remanded to that court for further proceedings according to law, and consistent with this opinion.
 _______________ Gwin, P.J.,
Hoffman, J., and Boggins, J., concur